UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| CHERYL L. POTTS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL NO. 1:08cv001 |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

OPINION AND ORDER

This matter is before the court for judicial review of a final decision of the defendant Commissioner of Social Security Administration denying plaintiff's application for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) as provided for in the Social Security Act. 42 U.S.C. §416(I); 42 U.S.C. §423; 42 U.S.C. §§ 1382, 1382c(a)(3). Section 205(g) of the Act provides, *inter alia*, "[a]s part of his answer, the [Commissioner] shall file a certified copy of the transcript of the record including the evidence upon which the findings and decision complained of are based. The court shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the case for a rehearing." It also provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive. . . ." 42 U.S.C. §405(g).

The law provides that an applicant for disability insurance benefits must establish an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to last for a continuous period of not less than 12 months. . . ." 42 U.S.C. §416(i)(1); 42 U.S.C. §423(d)(1)(A). A physical or mental

impairment is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §423(d)(3). It is not enough for plaintiff to establish that an impairment exists. It must be shown that the impairment is severe enough to preclude the plaintiff from engaging in substantial gainful activity. *Gotshaw v. Ribicoff*, 307 F.2d 840 (7th Cir. 1962), *cert. denied*, 372 U.S. 945 (1963); *Garcia v. Califano*, 463 F.Supp. 1098 (N.D.Ill. 1979). It is well established that the burden of proving entitlement to disability insurance benefits is on the plaintiff. *See Jeralds v. Richardson*, 445 F.2d 36 (7th Cir. 1971); *Kutchman v. Cohen*, 425 F.2d 20 (7th Cir. 1970).

Given the foregoing framework, "[t]he question before [this court] is whether the record as a whole contains substantial evidence to support the [Commissioner's] findings." *Garfield v. Schweiker*, 732 F.2d 605, 607 (7th Cir. 1984) *citing Whitney v. Schweiker*, 695 F.2d 784, 786 (7th Cir. 1982); 42 U.S.C. §405(g). "Substantial evidence is defined as 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rhoderick v. Heckler*, 737 F.2d 714, 715 (7th Cir. 1984) quoting *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1410, 1427 (1971); *see Allen v. Weinberger*, 552 F.2d 781, 784 (7th Cir. 1977). "If the record contains such support [it] must [be] affirmed, 42 U.S.C. §405(g), unless there has been an error of law." *Garfield*, 732 F.2d at 607; *see also Schnoll v. Harris*, 636 F.2d 1146, 1150 (7th Cir. 1980).

In the present matter, after consideration of the entire record, the Administrative Law Judge ("ALJ") made the following findings:

> 1. The claimant meets the insured status requirements of the Social Security Act through September 30, 2007.

2

2.  The claimant has not engaged in substantial gainful activity since February 16, 2003, the alleged onset date (20 CFR 404.1520(b) and 404.1571 *et seq.*).

3.  The claimant has the following severe impairments: right carpal tunnel syndrome, mild bilateral shoulder osteoarthritis; bilateral medial epicondylitis; and major depressive disorder (20 CFR 404.1520(c)).

4.  The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).

5.  After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform the physical exertional demands of light work. The claimant is unable to perform repetitive fine manipulation with her dominant right hand. She is able to be around members of the public and employees throughout the workday, but she may only have occasional conversations and interpersonal interactions. She is limited to performing low stress jobs, which are those that require only occasional decision making and see only occasional changes in the work setting. In addition, a low stress job is one where the claimant will perform no production piece rate work, and instead calls for goal-oriented work.

6.  The claiman is unable to perform any of her past relevant work (20 CFR 404.1565).

7.  The claimant was born on June 15, 1960, and was 42 years old on the alleged disability onset date, which is defined as a younger individual between the ages of 18 and 44 (20 CFR 404.1563). She later attained age 45 during the period of adjudication, making her a younger individual between the ages of 45 and 49 (*Id.*).

8.  The claimant has a limited education and is able to communicate in English (20 CFR 404.1564).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as framework supports a finding that the claimant is "not disabled", regardless of whether the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P. Appendix 2).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1560(c) and 404.1566).

11. The claimant has not been under a "disability," as degined int eh Social Security Act, from February 16, 2003 through the date of this decision (20 CFR 404.1520(g)).

(Tr. 18-25).

Based upon these findings, the ALJ determined that the plaintiff was not entitled to disability insurance benefits. The ALJ's decision became the final agency decision after being affirmed by the Appeals Council on July 16, 2007. This appeal followed.

The plaintiff filed her opening brief on January 11, 2009. On March 19, 2009, the defendant filed a memorandum in support of the Commissioner's decision, and on May 1, 2009, the plaintiff filed notice that no reply brief would be filed. Upon full review of the record in this cause, this court is of the view that the ALJ's decision should be affirmed.

A five step test has been established to determine whether a claimant is disabled. *See Singleton v. Bowen*, 841 F.2d 710, 711 (7th Cir. 1988); *Bowen v. Yuckert*, 107 S.Ct. 2287, 2290-91 (1987). The United States Court of Appeals for the Seventh Circuit has summarized that test as follows:

> The following steps are addressed in order: (1) Is the claimant presently unemployed? (2) Is the claimant's impairment "severe"? (3) Does the impairment meet or exceed one of a list of specific

> impairments? (4) Is the claimant unable to perform his or her former occupation? (5) Is the claimant unable to perform any other work within the economy? An affirmative answer leads either to the next step or, on steps 3 and 5, to a finding that the claimant is disabled. A negative answer at any point, other than step 3, stops the inquiry and leads to a determination that the claimant is not disabled.

*Nelson v. Bowen*, 855 F.2d 503, 504 n.2 (7th Cir. 1988); *Zalewski v. Heckler*, 760 F.2d 160, 162 n.2 (7th Cir. 1985); *accord Halvorsen v. Heckler*, 743 F.2d 1221 (7th Cir. 1984).

Potts alleges that the ALJ failed to fully and fairly develop the record by not inquiring about her Medicaid status and thus not considering the favorable Indiana Medicaid disability decision. First, Potts asserts that the ALJ should have inquired into her Medicaid status, as the ALJ would have inquired as to Veterans Administration (VA) determinations if she had been a veteran.1 Secondly, Potts claims that Medicaid determinations should be afforded the same level of deference shown to VA disability decisions. While sympathetic, this argument is without factual or legal merit.

The ALJ did not error in failing to inquire as to Ms. Potts Indiana Medicaid disability status. It is well established that the claimant bears the burden of proving entitlement to SSI-DIB. *See supra, Jeralds*, 445 F.2d 36; *Kutchman*, 425 F.2d 20. "When an applicant for social security benefits is represented by counsel the administrative law judge is entitled to assume that the applicant is making his strongest case for benefits." *Glenn v. Secretary of Health and Human Services*, 814 F.2d 387, 391 (7th Cir. 1987). Thus, the ALJ has a duty to fully and fairly develop the record, but should not be forced to function as counsel for the claimant. *See Flener ex. rel.*

---

1 Potts bases this argument on the premise that the poor should be afforded similar consideration as is shown toward veterans.

*Flener v. Barnhart*, 361 F.3d 442, 448 (7th Cir. 2004); *Musgrave v. Sullivan*, 966 F.2d 1371, 1377 (10th Cir. 1992).

Ms. Potts was represented at a hearing before the ALJ on June 21, 2006, by Ronald A. Chupp, a non-attorney representative. (Tr. 16). At the hearing, Mr. Chupp functioned as a competent representative by questioning witnesses and entering evidence into the record for Ms. Potts. (Tr. 40-58). Despite this representation, both Ms. Potts and Mr. Chupp failed to offer or enter any evidence concerning the Indiana Medicaid decision of March 18, 2005, despite the ALJ specifically asking both, "Anything else you want to add?" (Tr. 60). Ms. Potts only produced the Indiana Medicaid decision upon appealing the ALJ's determination to the Appeals Council. (Tr. 242).

Potts has not and does not allege that the assistance of counsel was ineffective or that her best case was not presented to the ALJ. As such, the issue is confined to whether the ALJ should have specifically inquired as to the existence of an Indiana Medicaid disability determination. While "it is always possible to do more, how much evidence to gather is a subject on which district courts must respect the Commissioner's juidgment…a significant omission is generally required in order to conclude that the ALJ failed to fully and fairly develop the record." *Henning v. Astrue*, 578 F.Supp.2d 996, 1013 (N.D. Ill. 2008) (quoting *Kendrick v. Shalala*, 998 F.2d 455, 458 (7th Cir. 1993) and citing *Luna v. Shalala*, 22 F.3d 687, 692 (7th Cir. 1994)).

Potts does not allege that the record contains any information from which the ALJ should have conducted an inquiry into her status with respect to other agencies. Rather, Potts relies on the assertion that an ALJ would inquire into VA disability ratings had she been a veteran, based on *Morrison v. Apfel*, 146 F.3d 625, 628 (8th Cir. 1998).

6

Potts' reliance on *Morrison* is misplaced. Unlike Potts, the claimant in *Morrison* presented the VA's disability determination to the ALJ at the hearing. *Id.* at 627. Even if the ALJ had received the information regarding the Indiana Medicaid disability determination, "Determinations of disability by other agencies do not bind the Social Secuirty Administration." *Allord v. Barnhart*, 455 F.3d 818, 820 (7th Cir. 2006) citing 20 C.F.R. § 416.904. Further, the Sixth Circuit characterizes the VA's report as "an extensive physical examination documenting Morrison's medical problems, followed by a finding of a permanent and toal disability…all of which occupies some thirty pages in the record[.]" *Morrison,* 146 F.3d at 628.

In contrast, Potts' Indiana Medicaid report is seven pages, with a conclusion that contains form language and characterizations not specific to Ms. Potts. (Tr. 246-52). The Indiana Medicaid ALJ concluded, "Considering her serious symptoms and/or her serious impairment in social, occupational or school function (given her GAF score of 50), the appellant's psychiatric conditions substantially impair her ability to perform labor or services or to engage in a useful occupation." (Tr. 250). Thus, the Indiana Medicaid determination, while favorable to the plaintiff, seems entirely based on Ms. Potts' GAF score of 50. The Indiana determination lacks specificity beyond the GAF score, which itself would seem to indicate a lack of substantial evidence in support of the Indiana findings.

The SSA ALJ did consider Ms. Potts' GAF score and found that it was "generally consistent with her presentation at the consultative examination," and then used the GAF score "when determining the mental component of the claimant's residual functional capacity" (RFC). (Tr. 23). That the ALJ made an opposite determination as to Ms. Potts' overall disability status, is not inherently troubling. SSA determinations, like VA determinations, rely on different

7

factors that are not identical to those used by Indiana Medicaid. The existence of different agency requirements is reinforced by the reliance of the Indiana ALJ on the GAF score, while the SSA ALJ used the GAF as only one component of determining overall RFC. Due to different standards, conflicting results are probable.

Potts is also not contesting her GAF score of 50 or the ALJ's use of the score in determining her overall RFC. (Tr. 171-74). The numeric value of the GAF does not have a direct correlation to the severity requirements in our mental disorders listings." 65 FR 50764-65. "The GAF scale is not a diagnosis but is intended to be used to make treatment decisions and to measure the impact of a course of treatment." American Psychiatic Association, Diagnostic and Statistical Manual of Mental Disorders 32 (4th ed. Text Rev. 2000). "Neither Social Secuirty regulations or case law require an ALJ to determine the extent of an individual's disability based solely on his GAF score." *Sydow v. Astrue*, 2009 Dist. LEXIS 10473, 23 (N.D. Ind. 2009) In fact, GAF scores are not essential in determining overall RFCs. *See Howard v. Commissioner of Social Security*, 276 F.3d 235, 241 (6th Cir. 2002).

There is no case law establishing the weight that should be afforded a state Medicaid determination. However, the Seventh Circuit has determined that VA decisions should be afforded "some weight." *Davel v. Sullivan*, 902 F.2d 559, 560-61 n. 1 (7th Cir. 1990). "The Ninth Circuit says 'great weight,' but this disregards the substantial difference between the criteria used in the two programs." *Allord*, 455 F.3d at 820, citing *McCartey v. Massanari*, 298 F.3d 1072, 1075-76 (9th Cir. 2002). As the Indiana Medicaid requirements also differ from those of the SSA, the Indiana decision would seem to be maximally entitled to "some weight," though the precise amount of weight need not be considered by the Court at this time.

The ALJ did not err in failing to inquire as to Ms. Potts' exact status with respect to other agencies, both state and federal. However, even if this were deemed to be an error by the ALJ, it was harmless.

## Conclusion

Based on the foregoing, the opinion and determinations of the ALJ are hereby AFFIRMED.

Entered: June 23, 2009.

                                              s/ William C. Lee
                                              William C. Lee
                                              United States District Judge